**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANTHONY ROYAL,

                              Plaintiff,                    1:17-CV-1251
          vs.                                              (GTS/CFH)

DAVID SHULKIN, Secretary of Veterans
Affairs,

                              Defendant.
_____

ANTHONY ROYAL,

                              Plaintiff,                    1:17-CV-1252
          vs.                                              (GLS/CFH)

DAVID SHULKIN, Secretary of Veterans
Affairs,

                              Defendant.
_____

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

        On March 8, 2018, this Court adopted the undersigned's January 1, 2018

Report-Recommendation and Order.  The Report-Recommendation and Order

(1) recommended that plaintiff's Title VII race discrimination claim proceed, (2) plaintiff's

disability discrimination claim be interpreted as if brought pursuant to the Rehabilitation

act and be permitted to proceed; and (3) that the remainder of the claims be dismissed

without prejudice to plaintiff amending his complaint.  See Dkt. Nos. 5, 8.  On May 8,

2018, plaintiff filed an amended complaint.  Dkt. No. 11.  Presently before the Court is

review of plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).  Plaintiff, in a 1983 form complaint, indicates that, after an EEOC investigation, he "learned that they are saying Mr. Jones never informed my supervisors of my Complaint but on the same day I complaint Mr. Gilbert wrote up 12 things I supposedly have done.  After reading the investigation report there are several things that are untrue, because I don't have proper representation they are treating me wrongly against my rights." Dkt. No. 11 at 3. Further, plaintiff's amended complaint states that he "understand[s] that a person can be terminated 'at will' but when I complained to my EEO person he said the procedure was to contact my supervisor before it went further[.] 30 days later I was terminated for complaining about discrimination[.] I'm no lawyer but I feel this is unlawful[.]"  Id. The remainder of plaintiff's amended complaint is identical to the original complaint, and is, in fact, the same document submitted as the original complaint.  Id. at 6-13. The only difference is that the amended complaint fails to contain the attachments provided with the original complaint.  Id.

As plaintiff, in his amended complaint, has failed to cure the defects identified in his original complaint as it relates to any claims pursuant to the ADEA,  it is recommended that any ADEA claim be dismissed from this action and any claim related to the ADEA be deemed stricken from the amended complaint.  It is further recommended that the amended complaint be considered the operative pleading in this action.  As this Court has already determined that plaintiff's Title VII race discrimination claim should proceed and plaintiff's disability discrimination claim be interpreted as if brought pursuant to the Rehabilitation act be permitted to proceed, it is recommended

that the Amended Complaint be served on defendants.

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's claim under the Age Discrimination in Employment Act be **DISMISSED** from this action without leave to replead, and it is

**ORDERED**, the Clerk is to issue the summonses, along with a copy of the amended complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, and USM-285 form, to the United States Marshal for service upon the defendant; and it is further

**ORDERED**, that the Amended Complaint, Dkt. No. 11, is accepted for filing as the operative pleading in this action, and it is

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.  Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

3

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District of New York; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order upon plaintiff in accordance with local rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: June 18, 2018
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

4